UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARRIE PARKER on behalf of and as Legal Guardian of MIRANDA LASHELLE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>WELLPATH LLC, and ELKHART COUNTY SHERIFF'S OFFICE,<br><br>    Defendants. | CASE NO. 1:23-cv-02238-TWP-MJD<br><br>Chief Judge<br>Hon. Tanya Walton Pratt<br><br>Magistrate Judge<br>Hon. Mark J. Dinsmore<br><br>**JURY DEMANDED** |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, Carrier Parker on behalf of and as Legal Guardian of Miranda LaShelle Taylor, by counsel, for her complaint against Defendants, respectfully alleges and states as follows:

**PARTIES**

1. Wellpath LLC (hereafter "Wellpath") is a Delaware limited liability company.

2. At all times relevant, Wellpath was responsible for providing medical care at the Elkhart County Jail in Elkhart County, Indiana.

3. Elkhart County Sheriff's Office is an Indiana governmental organization with control over the Elkhart County Jail.

4. Carrier Parker was appointed Legal Guardian over Miranda LaShelle Taylor by the Marion Superior Court 8 under Cause Number 49D08-2102-GU-3630.

## FACTUAL BACKGROUND

4. On or about February 1, 2023, Miranda Taylor was detained at the Elkhart County Jail in Elkhart County, Indiana.

5. Miranda has a history of severe psychiatric disorders, including without limitation schizophrenia.

6. On or about April 3, 2023, outside emergency medical services ("EMS" were called by staff at the Elkhart County Jail due to Miranda's medical and psychiatric condition.

7. Upon arrival, EMS workers noted of Miranda: "Patient in cell alone, lying in plastic tub style bed on floor, no medical staff present. Patient alert to verbal, mumbling incoherently, pink warm and moist, breathing normal, strong smell of urine coming from patient."

8. Miranda was transported to Elkhart General Hospital emergency room.

9. Upon arrival at the emergency room, Miranda was noted to be lethargic, and the attending doctor noted: "In the last few days in the jail she has been very uncooperative. She apparently lays on the floor and refuses to get up. She is not eating or drinking. She apparently has been incontinent of urine."

10. The physician further noted that Miranda had complained of "pain all over."

11. Physical and laboratory examination noted that Miranda was in an obtunded state, with a fever, and that she was suffering from hypokalemia and

2

metabolic acidosis with high lactic acid.

12. Miranda was admitted to a critical care unit.

13. Miranda was subsequently diagnosed with encephalopathy.

14. Miranda stopped breathing, requiring resuscitation, and experienced acute respiratory failure, requiring emergency intubation.

15. Miranda was eventually diagnosed with sepsis, acute encephalopathy, possible meningitis, dehydration, and a urinary tract infection.

16. In the days before Miranda was transferred to Elkhart General Hospital, she was exhibiting behaviors and conditions that clearly necessitated both immediate and acute psychiatric and medical care.

17. Defendants failed to provide Miranda with access to and provision of necessary and reasonable care, causing her mental and physical condition to deteriorate to the point that she required hospitalization, during which her conditions continued to deteriorate.

18. The severity of physical deterioration was the inevitable result of the Defendants' failure to promptly and appropriately intervene in response to Miranda's psychiatric and health conditions.

19. If the Defendants had acted promptly and appropriately in response to Miranda's psychiatric and health conditions, her conditions would not have deteriorated to the point that she required emergency transfer to the emergency room, ICU admission, resuscitation, intubation, and extensive medical care.

20. If the Defendants had acted promptly and appropriately in response to

Miranda's psychiatric and health conditions, Miranda would not have suffered physical, psychological, and emotional harms that she was forced to endure due to prolonged separation from proper care and treatment.

21. As a direct and proximate result of Defendants' actions and inactions, Miranda Taylor has suffered severe and permanent psychological, physical, and emotional effects, and has incurred medical bills.

22. On August 29, 2023, Plaintiff served a notice of tort claim on the Elkhart County Sheriff's Office in accordance with Ind. Code §§ 34-13-3-8 & -10.

23. On November 27, 2023, by operation of Ind. Code § 34-13-3-11, that claim was deemed denied by the Elkhart County Sheriff's Office.

## CAUSES OF ACTION

24. The following is a non-exhaustive list of causes of action supported by the facts of this case. *ARC Constr. Mgmt., LLC v. Zelenak*, 962 N.E.2d 692, 697 (Ind. Ct. App. 2012) ("Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case."); *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014). These causes of action shall not in any way limit the legal bases for liability or recovery in this case.

## COUNT I
## NEGLIGENCE

25. Plaintiff incorporates the preceding allegations as if fully set forth below.

26. Defendants owed a duty to Miranda Taylor to provide access to and provision of adequate and appropriate timely medical care to her.

27. Miranda Taylor suffered from serious medical conditions which required medical care.

28. Miranda Taylor's conditions were caused by and/or worsened by Defendants' actions and inactions described above.

29. Defendants knew or should have known of Miranda Taylor's need for medical care.

30. Defendants, acting through both their actual and apparent agents, failed to provide Miranda Taylor with timely necessary medical treatment.

31. Defendants breached their duties to Miranda Taylor.

32. As a direct and proximate result of Defendants' breaches of their duties to Miranda Taylor, Miranda Taylor has suffered physical, psychological, and emotional injuries, and incurred medical bills.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an entry of judgment against Defendants and in her favor, including an award of all available common-law and statutory damages, restitution, pre-and post-judgment interest, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all claims.

Respectfully submitted,

*/s/ Colin E. Flora*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49

PAVLACK LAW, LLC
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's ECF system on January 5, 2024. Notice of this filing will be sent automatically by operation of the Court's system to all counsel of record.

/s/ *Colin E. Flora*
Colin E. Flora